Charles E. Morris and Sandra C. Morris, Appellants *v.* Alvin H. Musser and York Township, Appellees.

Argued April 30, 1984, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Lewis H. Markowitz,* with him, *Marc G. Tarlow, Markowitz & Seidensticker,* of counsel, *John W. Thompson, Jr.,* for appellants.

*Raymond L. Hovis,* with him, *Jane H. Schussler, Stock and Leader,* for appellees.

*Timothy I. Mark, Goldberg, Evans & Katzman, P.C.,* for intervenors, Family Restaurants of Pennsylvania, Inc. t/d/b/a Pappy's Family Pub.

OPINION BY JUDGE WILLIAMS, JR., July 20, 1984:

Plaintiffs, Charles E. Morris and Sandra C. Morris (his wife), appeal from an order of the Common Pleas Court of York County, which dismissed their complaint alleging that the defendants, York Township and its police officer, Alvin H. Musser, failed to provide adequate police protection.

On June 28, 1980 four assailants invaded plaintiffs' Gulf Service Station, viciously beat Mr. Morris, who suffered multiple injuries including a fractured jaw, and struck and terrorized Mrs. Morris, who vainly attempted to shield her unconscious husband from further punishment. Although on duty and apprised of the attack, officer Musser did not intervene in sufficient time to prevent or reduce plaintiffs' injuries.

In a prior incident, officer Musser had refused to assist crime victims in jeopardy.

Contending that officer Musser's dilatory response proximately caused or aggravated their injuries, and that York Township continued to employ him despite a prior failure to aid crime victims *in extremis,* plaintiffs seek damages under common law negligence theories, the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution. The common pleas court sustained defendants' preliminary objections in the nature of a demurrer and dismissed the complaint with prejudice.

### State tort claims

Plaintiffs allege that officer Musser's negligent, willful, reckless or intentional delay in furnishing assistance, after being notified of the assault in progress, proximately caused or aggravated their injuries. In addition to respondeat superior liability, York Township's alleged negligence involved failing to (1) remove officer Musser from active duty when he initially failed to render timely aid to imperiled crime victims; and (2) provide adequate police protection for plaintiffs. Concluding that the Political Subdivision Tort Claims Act[1] immunized both defendants from suit, the common pleas court dismissed the state claims.

Upon careful examination of the complaint's factual allegations we conclude that York Township is the only defendant cloaked with immunity. York Township's conduct—failure to remove officer Musser from active duty and furnish adequate police protection to

[1] Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, repealed by Section 333 of JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043. These provisions are now found in Sections 8541-8564 of the Judicial Code (Code), 42 Pa. C. S. §§8541-8564.

plaintiffs—does not fit within any of the eight types of negligent activity for which immunity is waived. *See* Section 8542(b)(1)-(8) of the Code.[2] Plaintiffs' common law negligence claims against York Township are therefore barred.

Regarding officer Musser, the general rule is that a municipality and its employe share co-extensive liability. *See* Section 8545 of the Code.[3] The prohibition against affixing greater liability upon a municipal employe than attaches to his employer, however, is abrogated when "it is judicially determined that the act of the employe caused the injury and that such action constituted a crime, actual fraud, actual malice or willful misconduct. . . ." Section 8550 of the Code, 42 Pa. C. S. §8550. Since officer Musser's alleged behavior, if proved at trial, would constitute willful misconduct, the official liability immunity provision at Section 8545 is waived. *See Lopuszanski v. Fabey,* 560 F. Supp. 3 (E.D. Pa. 1982); *Overstreet v. The Borough of Yeadon,* Pa. Superior Ct. , 475 A. 2d 803 (1984). The common pleas court therefore erred in granting immunity to officer Musser.

Officer Musser's lack of immunity does not relieve plaintiffs from establishing what duty, if any, the police officer owed to them, the breach of which allegedly caused their injuries. In *Chapman v. City of Philadelphia,* 290 Pa. Superior Ct. 281, 434 A.2d 753 (1981),

---

[2] The Code permits tort actions against local agencies for negligent conduct arising out of automobile accidents, the care and custody of real property, dangerous conditions created by trees, traffic control and street lighting, utility service facilities, improper street and sidewalk maintenance and the care, custody and control of animals. 42 Pa. C. S. §8542(b)(1)-(8).

[3] An employe of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employe, which are within the scope of his office or duties, only to the same extent as his employing local agency and subject to the limitation imposed by this subchapter. 42 Pa. C. S. §8545.

the Superior Court adopted a no-duty rule, holding that a city was not liable for failing to protect plaintiff's decedent, who was murdered in a particularly dangerous area. *See also, Melendez by Melendez v. City of Philadelphia,* Pa. Superior Ct. , 466 A. 2d 1060 (1983) (city not liable for failing to protect minor injured in racially troubled neighborhood).

The no-duty rule provides that a police officer's obligation to protect the citizenry is a general duty owing to the public at large, and not a specific duty owing to particular persons. *Id.* Consequently, an individual's injury resulting from a police officer's failure to prevent or ameliorate a crime must be redressed through public prosecution, and not in a private suit for monetary damages. *Warren v. District of Columbia,* 444 A.2d 1 (D.C. App. 1981). If the police enter into a special relationship with an individual, however, the general duty owing to the public is narrowed into a specific duty owing to that person, the breach of which can give rise to a cause of action for damages. *Melendez by Melendez.*

The special relationship exception to the no-duty rule is limited to two situations. First, reciprocity imposes a special duty on the police to protect individuals who are imperiled because they have aided law enforcement as informers or witnesses. *See e.g., Schuster v. City of New York,* 5 N.Y. 2d 75, 154 N.E. 2d 534, 180 N.Y.S. 2d 265 (1958). Second, a special duty arises when the police expressly promise to protect specific individuals from precise harm. *See, e.g., Silverman v. City of Fort Wayne,* 171 Ind. App. 415, 357 N.E. 2d 285 (1976). In the case at bar, plaintiffs were neither allied with the police in a law enforcement project nor were they individually promised police protection from delineated harm. Further, an emergency aid request communicated to the police does

not create a special duty owing to crime victims; thus, the police are not liable to crime victims for failing to furnish prompt and efficient aid upon request. *See Warren; Doe v. Hendricks,* 92 N.M. 499, 590 P.2d 647 (1979).

Since plaintiffs' complaint fails to set forth facts necessary to establish plaintiff's special relationship with the police, and because York Township is immunized from suit under the Code, the state tort claims were properly dismissed.

*Civil rights claims*

Plaintiffs next assert that defendants' furnishing of inadequate police protection deprived them of their constitutional rights and was therefore actionable under Section 1983 of the Civil Rights Act of 1871 (42 U.S.C. §1983) and the Fourteenth Amendment to the United States Constitution. Section 1983 imposes liability on anyone who under color of state law "subjects . . . any citizen . . . or other person . . . to deprivation of any rights, priviliges, or immunities secured by the Constitution. . . ," and thus applies primarily to the deprivation of constitutional rights. Adequate police protection, however, is not a federal constitutional right. *Reiff v. City of Philadelphia,* 471 F. Supp. 1262 (E.D. Pa. 1979). Since the defendants had no federal constitutional duty to protect plaintiffs from criminal assault, the inadequate provision of police protection services is not actionable under Section 1983 or the due process clause of the Fourteenth Amendment. *Id., see also, Wright v. City of Ozark,* 715 F.2d 1513 (11th Cir. 1983). Plaintiffs, moreover, do not allege that they were furnished inadequate police protection because of defendants' discriminatory animus; thus, no equal protection violation is asserted.

Because plaintiffs' allegations do not implicate the deprivation of any constitutional rights or the discrim-

inatory provision of law enforcement services, we affirm the common pleas court's dismissal of plaintiffs' civil rights claims.[4]

Accordingly, we sustain the common pleas court's dismissal of plaintiffs' complaint.

ORDER

AND Now, this 20th day of July, 1984, the order of the Court of Common Pleas of York County, dated July 5, 1983, is affirmed,

---

[4] In view of our broad disposition of plaintiffs' civil rights claims, we need not consider York Township's Section 1983 and federal constitutional vicarious liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).