**David LANEY, Plaintiff,**

**v.**

**The CITY OF PITTSBURGH, Police Officer Renk, Police Officer Doe, Port Authority Transit of Allegheny County, and Bus Driver Roe, Defendants.**

**Civ. A. No. 85–2059.**

United States District Court,
W.D. Pennsylvania.

July 9, 1987.

---

Jan Ira Medoff, Pittsburgh, Pa., for plaintiff.

Irvin S. Bails, Pittsburgh, Pa., for Port Authority and Roe.

Bryan Campbell, Mansmann, Beggy & Campbell, Pittsburgh, Pa., for Renk.

Charles P. Falk, Baskin, Flaherty, Elliott & Mannino, Pittsburgh, Pa., for Port Authority and Doe.

Zan Ivan Hodzic, Asst. City Sol., City Law Dept., Pittsburgh, Pa., for City of Pittsburgh.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before us are a motion for summary judgment filed by defendants Port Authority of Allegheny County ("PATCO") and Bus Driver Roe, and a supplemental motion for summary judgment filed by the City of Pittsburgh ("City"). We granted a previous motion for summary judgment on behalf of the City as to state law claims against it at Count 2, because of immunity extended to the City under 42 Pa. C.S.A. § 8541. The City's earlier motion was denied as to the federal claim lodged against it at Count 3 of the complaint. At present, the following claims remain in the complaint:

Count 1 is a claim against individuals Police Officer Renk, Police Officer Doe, and Bus Driver Roe based on 42 U.S.C. § 1985 and the 4th, 5th, 8th and 14th amendments;

Count 3 is a claim against the City based on 42 U.S.C. § 1981 and the 1st, 4th, 5th, 8th and 14th amendments;

Count 4 is a claim against Bus Driver Roe based on 42 U.S.C. §§ 1981, 1983 and the 4th, 5th, 8th, and 14th amendments;

Count 5 contains state law tort claims against Bus Driver Roe and PATCO;

Count 6 is a claim against PATCO based on 42 U.S.C. §§ 1981, 1983 and the 1st, 4th, 5th, 8th, and 14th amendments.

We will deny the motions for summary judgment except that we will grant summary judgment as to PATCO on Count 5 only, and summary judgment as to Bus Driver Roe on Count 5 only to the extent that it alleges negligence on the part of Bus Driver Roe. We find that PATCO is immune and Bus Driver Roe is partially immune from tort liability under Pennsylvania's Political Subdivisions Torts Claims Act, 42 Pa. C.S.A. §§ 8501–64.

This case originated with Bus Driver Roe's refusal to allow plaintiff to use his student bus pass to board a PATCO bus. Plaintiff alleges that the bus driver confiscated his pass, then refused to allow plaintiff to leave the bus. According to plain-

tiff, the bus driver transported plaintiff to a police station, where police officers took plaintiff off the bus against his will.

PATCO and the bus driver claim immunity under 42 Pa.C.S.A. §§ 8541 & 8550. We begin by noting that PATCO is at most liable for negligent, and not wilful, acts of misconduct on the part of Bus Driver Roe. 42 Pa.C.S.A. § 8542(a)(2). Therefore, summary judgment is appropriate on behalf of PATCO as to plaintiff's allegations of false arrest, false imprisonment, intentional infliction of emotional distress, and gross negligence.

As for plaintiff's allegation of negligence against PATCO, plaintiff argues that the "vehicle liability" exception, contained in 42 Pa.C.S.A. § 8542(b)(1), removes the shield of sovereign immunity from PATCO in this case. The exception provides that the defense of sovereign immunity does not apply in cases arising out of "[t]he operation of any motor vehicle in the possession or control of the local agency." *Id.*

The Pennsylvania Supreme Court has decreed that the sovereign immunity exceptions contained in 42 Pa.C.S.A. § 8542 must be construed narrowly. *Mascaro v. Youth Study Center,* — Pa. —, 523 A.2d 1118, 1123 (1987). In *Mascaro,* the Court considered the real estate exception, 42 Pa.C.S.A. § 8542(b)(3), and held that the liability imposed on local agencies by the exception is equivalent to the liability of a private landowner.

The courts which have considered the vehicle exception reach somewhat conflicting results, with the Pennsylvania Commonwealth Court construing the statute more narrowly than the United States District Court for the Eastern District of Pennsylvania. In *City of Philadelphia v. Love,* 98 Pa.Cmwlth. 138, 509 A.2d 1388 (1986), *appeal granted,* 523 A.2d 1132 (1987), the Commonwealth Court held that the vehicle exception did not apply to impose liability for the negligence of a city van driver who assisted a senior citizen in alighting from the van. The passenger fell and was injured. *Id.* at 1389. The court held that "the acts of entering into or getting out of a motor vehicle, for purposes of the Political Subdivision Tort Claims Act,

do not constitute the operation of that vehicle." *Id.* at 1390.

In *Toombs v. Manning,* 640 F.Supp. 938 (E.D.Pa.1986), the district court held that the motor vehicle exception did not apply to immunize a local agency against liability for the injuries of a man who fell in the path of an oncoming subway train after he was robbed at knifepoint while waiting for the train. The court based its decision on its observation that "the traditional duty of care owed by a common carrier to its passengers extended to ingress to and egress from the actual bus, train, trolley or other vehicle. [citations omitted]" *Id.* at 945.

Thus, although there is underlying agreement in the *Love* and *Toombs* opinions that the "vehicle exception" limits liability to that available at common law, there is disagreement as to whether the exception encompasses the common law applicable to common carriers. While the *Love* decision holds that "vehicle operation" contemplates something less than common carrier operation *per se,* *Toombs* holds that the vehicle exception includes traditional principles of liability for common carriers. The legislative history of the statute offers little guidance as to whether the legislature intended that the vehicle exception impose liability on municipal carriers to the same extent that the common law imposes liability on common carriers. *See* 1978 *Legislative Journal— Senate,* 1130, 1131 (Nov. 14, 1978) (remarks of Sen. Lewis).

After careful consideration, our interpretation of the vehicle exception is that it does not impose liability to the extent of the common law liability of common carriers. Since the Pennsylvania Supreme Court has held that the sovereign immunity exceptions should be narrowly construed, *Mascaro,* 523 A.2d at 1123, the language of the statute itself provides the basis for our conclusion. The statutory exception removes the sovereign immunity defense for "vehicle operation" as opposed to "common carrier operation." These are separate and distinct activities. For example, while the law applicable to vehicle operation is codified at 75 Pa. C.S.A. §§ 101–8122, and known as the "Vehicle Code," common carriers are separately regulated at 66 Pa.

C.S.A. §§ 512, 2301–305. It is a settled principle of the common law that common carriers are held to a higher standard of care than ordinary operators of vehicles. *See, e.g., Scott v. Eastern Air Lines, Inc.,* 399 F.2d 14, *cert. denied,* 393 U.S. 979, 89 S.Ct. 446, 21 L.Ed.2d 439 (1968); *Pedretti v. Pittsburgh Railways Company,* 417 Pa. 581, 209 A.2d 289 (1965).

It is not surprising that the legislature retained the sovereign immunity shield for common carrier operation. Common carrier liability was not the only form of liability excluded from the list of exceptions. Other significant potential sources of liability were also excluded, such as:

> the improper assessment of taxes, negligence in the provision of police, fire, and other services, adverse possession against political subdivisions, failure to properly supervise employees, the seizure and detention of property, *false imprisonment*, improper licensing, negligent delay in granting permits, failure to inspect, improper inspection, and the failure to enforce local ordinances.

Comment, *The Political Subdivision Tort Claims Act: Pennsylvania's Response to the Problems of Municipal Tort Liability,* 84 DICK.L.REV. 717, 738 (1980) (emphasis added).

■ Thus, we will interpret the vehicle operation exception narrowly, and exclude liability for operation of common carriers *per se. See Mascaro,* 523 A.2d at 1123. Although PATCO would have been potentially liable at common law as a common carrier for the negligence alleged in Count 5 of the complaint, we hold that PATCO is immune from prosecution as a common carrier under the Political Subdivision Tort Claims Act. Plaintiff's allegation is not based on operation of a vehicle *per se,* and so does not fall within the vehicle exception contained in 42 Pa. C.S.A. § 8542(b)(1).

■ Bus Driver Roe is independently liable for wilful misconduct, but not negligence. 42 Pa.C.S.A. § 8550; *Cerva v. Fulmer,* 596 F.Supp. 86 (E.D.Pa.1984) (no official immunity for police officers for actions constituting wilful misconduct); *Morris v. Musser,* 84 Pa.Cmwlth. 170, 478 A.2d 937 (1984) (township not liable for alleged failure to render adequate police protection, but police officer might be liable if plaintiff could prove a special duty to plaintiff and wilful misconduct on the part of the police officer). Therefore, summary judgment will be entered in favor of Bus Driver Roe, but only to the extent that Count 5 alleges negligence on his part. The allegations of false arrest, false imprisonment, intentional infliction of emotional distress, and gross negligence will be retained as against Bus Driver Roe.

AND NOW, to-wit, this 9th day of July, 1987, it is hereby ORDERED, ADJUDGED, and DECREED that:

(1) the motion for summary judgment filed by the Port Authority of Allegheny County and Bus Driver Roe be and hereby is GRANTED as to Count 5 of the complaint only, EXCEPT THAT the allegations of false arrest, false imprisonment, intentional infliction of emotional distress, and gross negligence will be retained as against Bus Driver Roe only; the motion is DENIED as to all other counts of the complaint;

(2) the supplemental motion for summary judgment filed by the City of Pittsburgh be and hereby is DENIED.