## Gray v. Erie Metropolitan Transit Authority

*Ritchie T. Marsh*, for plaintiffs.

*Nancy M. Sennett* and *E. Max Weiss*, for defendant School District of the City of Erie.

*Mark Mioduszewski*, for defendant Erie Metropolitan Transit Authority.

*Ronald Slater*, for defendant Jerome A. Banko.

LEVIN, *J.*, July 20, 1989 — Presently before the court is a motion for summary judgment brought by defendants, Erie Metropolitan Transit Authority, the School District of the City of Erie, and Edward Sandusky.

The essential facts are undisputed. The cause of action arises out of an accident which occurred on October 19, 1983, when Lisa Gray was struck by an automobile operated by Jerome Banko after being discharged from a bus owned by Erie Metropolitan

Transit Authority and driven by Edward Sandusky, its employee. The accident occurred while Mr. Banko was in the process of passing the EMTA bus as well as other automobiles which had stopped to permit the bus to discharge passengers.

Defendant, Erie Metropolitan Transit Authority, claims that the EMTA bus was not in operation and that the accident did not arise out of the operation of the EMTA bus. Consequently, the Erie Metropolitan Transit Authority and Mr. Sandusky, as a local agency and an employee of a local agency, respectively, are shielded from liability by virtue of the Governmental Immunity Act, 42 Pa.C.S. §8541 et seq.

Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Erie Metropolitan Transit Authority and Mr. Sandusky are a local agency and an employee of a local agency, respectively. These two defendants claim that they are entitled to the protections of the doctrine of governmental immunity. See 42 Pa.C.S. §8541.

There are eight exceptions to the general rule of governmental immunity. Of those exceptions only one has any potential application to permit the plaintiffs to attempt to impose liability on the Erie Metropolitan Transit Authority and Mr. Sandusky. This section, 42 Pa.C.S. §8542(b)(1) reads as follows:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) *Vehicle liability* — The operation of any

motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air."

Exceptions to the general rule of immunity must be construed narrowly. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

It is an established fact that at the time of the accident the EMTA bus was standing still. The issue before the court is whether the EMTA bus can be considered to have been in "operation." If the court found that the EMTA bus was in operation at the time of the accident then governmental immunity would not apply. 42 Pa.C.S. §8542(b)(1).

All witnesses deposed in this case consistently testified that at the time of the accident, the EMTA bus was standing still.

There are three noteworthy cases on the subject of immunity concerning government vehicles. These cases are: *City of Philadelphia v. Love*, 98 Pa. Commw. 138, 509 A.2d 1388 (1986); *Laney v. City of Philadelphia*, 663 F.Supp. 1097 (W.D. Pa. 1987); and *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robinson*, 123 Pa. Commw. 401, 544 A.2d 172 (1989).

The court notes that these two defendants relied principally upon the cases of *City of Philadelphia v. Love, supra,* and *Laney v. City of Philadelphia, supra,* in their June 17, 1988, motion for judgment on the pleadings. On June 29, 1988, the court denied this motion for judgment on the pleadings. The court based its decision on its interpretation of *Love* and *Laney* cases as being unclear. The courts in these cases were unclear on whether the "operation" of a government vehicle included the occasions when it was temporarily stopped while passengers disem-

barked. However, any doubts were resolved with the ruling in the recently decided case of *Commonwealth of Pennsylvania, Pennsylvania State Police v. Robinson, supra.* The court in *Robinson* made it quite clear when they interpreted *Love* to mean that a vehicle must actually be in motion[*] for the vehicle exception to apply. Consequently, the court will grant the summary judgment motion of defendants EMTA and Edward Sandusky.

## ORDER

And now, July 20, 1989, it is hereby ordered, adjudged and decreed that the motion for summary judgment of defendants EMTA and Edward Sandusky is granted for the reasons set forth in the attached opinion. The companion case of this court regarding defendant, School District of the City of Erie, is hereby incorporated by reference.

---

[*] "Motion" has been defined to mean "the action or process of changing position." Thus, motion presupposes movement. *American Heritage Dictionary,* 2d College ed., at 816 (1982).