574 A.2d 1205

Lisa A. **THOMAS**, Appellant,

v.

**CITY OF PHILADELPHIA**, Appellee.

Commonwealth Court of Pennsylvania.

Argued March 9, 1990.

Decided May 11, 1990.

John D. Enright, Frank D. Branella, P.C., Philadelphia, for appellant.

Alan C. Ostrow, Asst. City Sol., with him, Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Miriam B. Brenaman, Divisional Deputy in Charge of Appeals, for appellee.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Lisa A. Thomas (Thomas) appeals from a July 7, 1989 order of the Court of Common Pleas of Philadelphia County, which sustained the City of Philadelphia's (City) preliminary objections in the form of a demurrer and dismissed Thomas' complaint. We affirm.

Thomas filed her complaint to recover damages from the City, claiming it negligently failed through its City police officers to intervene in her imprisonment by Gary Heidnik (Heidnik). Thomas had been abducted and imprisoned by Heidnik in December, 1986 and repeatedly raped, tortured, assaulted, battered and abused by him on a daily basis until she was freed by the police in March, 1987. Thomas alleged that the police had probable cause to believe that Heidnik was engaged in criminal activity well prior to her being freed by the police, because during the time of her captivity, police officers were frequently summoned by Heidnik's neighbors to investigate complaints concerning odors of burning flesh emanating from his home. Additionally, the family of Sandra Lindsay (Lindsay), a deceased victim, had repeatedly requested the police to investigate Heidnik's residence believing that Lindsay was being held captive by Heidnik. Thomas alleged that the officers negligently failed to investigate the matter in a reasonable, prompt and competent fashion, and that the police department knew or, with reasonable care, should have known Heidnik was capable of these acts. Thomas believes that the police had a duty to investigate and that they breached that duty, which resulted in her injuries.

The City filed preliminary objections, which were sustained by the trial court. We must determine whether the trial court properly sustained the preliminary objections in the nature of a demurrer,[1] in that Thomas did not state a cause of action when she asserted that the police had a legal duty to discover her captivity and failed to do so.

In reviewing preliminary objections, we are guided by the following principles as stated in *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976):

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer.

*Id.*, 469 Pa. at 5–6, 364 A.2d at 693 (citations omitted).

The underlying issue here is whether the police had a cognizable legal duty to Thomas and breached that duty because of negligent actions. "Our Courts have been reluctant to impose a general duty of care upon government employees to specific persons where the alleged duty was simply the protection of the public at large—i.e., society—from third-party criminal acts." *Moore v. Department of Justice (now Office of General Counsel)*, 114 Pa.Commonwealth Ct. 56, 66, 538 A.2d 111, 116 (1988), *appeal dismissed, Moore v. Reid*, 523 Pa. 418, 567 A.2d 1040 (1990). There is generally "no duty resting on a municipality or other governmental body to provide police protection to any particular person." *Melendez v. City of Philadelphia*, 320 Pa.Superior Ct. 59, 64, 466 A.2d 1060, 1063 (1983). "[A]n individual's injury resulting from a police officer's failure to prevent or ameliorate a crime must be redressed through

1. The preliminary objections were filed pursuant to Pa.R.C.P. No. 1017(b)(4).

public prosecution, and not in a private suit for monetary damages." *Morris v. Musser,* 84 Pa.Commonwealth Ct. 170, 174, 478 A.2d 937, 939 (1984) (citation omitted).

A very narrow exception to this no-duty rule exists, but only where there are circumstances establishing a special relationship between the police and the crime victim. In claiming a special relationship, the individual:

> must demonstrate that the police were: 1) aware of the *individual's* particular situation or unique status, 2) had knowledge of the potential for the particular harm which the *individual* suffered, and 3) voluntarily assumed, in light of that knowledge, to protect the *individual* from the precise harm which was occasioned.

*Melendez,* 320 Pa.Superior Ct. at 65, 466 A.2d at 1064 (emphasis in original).

■ The two situations that provide exceptions to the no-duty rule are (1) to protect individuals who have aided law enforcement as informers or witnesses; or (2) where the police have expressly promised to protect specific individuals from precise harm. *Morris.* Thomas has not pleaded and, therefore, has not met this special relationship test. She did not occupy a unique status as a witness or informant, nor had the police voluntarily promised to protect her.

■ Thomas argues that all cases, holding that no special relationship exists, concern allegations of police nonfeasance. She indicates that cases involving malfeasance and misfeasance do not require the application of the special relationship test. This argument has no merit.

The City argues and we agree that the special relationship test implies no distinction between nonfeasance, malfeasance and misfeasance. If the special relationship test is met, the police are liable whether they fail to provide the promised protection or whether they provide it in a negligent manner. If the test is not met, whether the police fail to act or act negligently is irrelevant. *Melendez.*

■ However, Thomas maintains that the test was met because the police officers took the initial steps to investi-

gate, and that they were duty bound to do so in a competent fashion. The City cites *Caldwell v. City of Philadelphia*, 358 Pa.Superior Ct. 406, 517 A.2d 1296 (1986), *petition for allowance of appeal denied*, 517 Pa. 597, 535 A.2d 1056 (1987), wherein the court found that when the police begin an investigation of an incident, but fail to complete it in a proper manner (misfeasance), a special relationship with the individual is not established. Hence, no duty and, therefore, no breach of duty. In *Casey v. Geiger*, 346 Pa.Superior Ct. 279, 499 A.2d 606 (1985), *petition for allowance of appeal denied*, 516 Pa. 638, 533 A.2d 710 (1987), the court held that no special relationship existed between the victim and the borough, although the park in which she was raped was the scene of a prior attack. The fact that the police know that an area is one in which criminal activity probably will take place, does not determine the existence of a special relationship. Furthermore, a municipality "should not be held to a higher standard of care since it did not undertake any obligation to provide a greater degree of protection." *Id.*, 346 Pa.Superior Ct. at 293, 499 A.2d at 615.

In *Morris*, which is more factually similar to the instant matter, it was alleged by the plaintiff that a police officer who was apprised of an attack on the victim, did not intervene in sufficient time to prevent or reduce injuries. The court held that since no facts set forth the establishment of a special relationship, the police were not liable to the victim "for failing to furnish prompt and efficient aid upon request." *Id.*, 84 Pa.Commonwealth Ct. at 175, 478 A.2d at 940.

In both *Morris* and here, the victim sued because the police did not respond in an expeditious fashion (misfeasance). However, the degree of knowledge about possible criminal activity and the delay in responding still do not establish a special relationship.

Thomas also raises, in a footnote, that the City of Philadelphia waives governmental immunity in cases that arise as a consequence of the negligence of a police officer pursuant to Chapter 21–700 of the Philadelphia Code (Code), which provides:

CHAPTER 21–700. WAIVER OF GOVERNMENTAL IMMUNITY

Section 21–701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

(Footnote omitted.)

In *City of Philadelphia v. Middleton*, 89 Pa.Commonwealth Ct. 362, 492 A.2d 763 (1985), this Court concluded that claims based on City police misconduct barred pursuant to Sections 8541–8564 of the Judicial Code, 42 Pa.C.S. §§ 8541–8564,[2] are saved by virtue of the above cited Code provision. However, *Middleton* is clearly distinguishable from the instant case in that the injured party was in police custody. He had collapsed on a sidewalk, was approached by police officers and was accused of being drunk. He was placed under arrest and locked up for more than eight hours, receiving no medical attention for his diabetic condition. This Court concluded that:

the City of Philadelphia acted well within the powers derived from its Home Rule Charter in deciding that it would be in the best interests of its citizens to waive governmental immunity in cases where bodily injury or death has resulted from the negligent or unlawful conduct of its police officers.

*Id.*, 89 Pa.Commonwealth Ct. at 365, 492 A.2d at 765.

The negligence found in *Middleton* arose from a duty found at common law to provide necessary medical attention to a person under police control. Here, Thomas was not under police control. Therefore, as noted before, the police had no duty to prevent the atrocities suffered by her. Having concluded that no duty existed at common law,

2. These sections are the current law regarding governmental immunity that repealed what was formerly the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101–5311.803.

Section 21–701 of the Code is of no moment, as the basis for the granting of the demurrer was in no way related to sovereign immunity.

We conclude that the trial court properly sustained the City's preliminary objections. Accordingly, we affirm.

## ORDER

AND NOW, this 11th day of May, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.