**Hugh P. RANKIN, Jr., Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and City of Philadelphia and Officer George Diamond and Chalmers Massey, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1991.

Decided March 18, 1992.

430

Gary M. Gusoff, for appellant.

Miriam B. Brenaman, Divisional Deputy In Charge of Appeals, for appellees.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Hugh P. Rankin, Jr. (Rankin) appeals an order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the City of Philadelphia (City) and Officer George Diamond (Diamond).

Rankin filed a complaint against the Southeastern Pennsylvania Transportation Authority (SEPTA), the City, Diamond and Chalmers Massey (Massey) to recover damages for injuries sustained by Rankin when he was traveling as a passenger on the Broad Street Subway on October 25, 1986. The relevant factual allegations of the complaint were as follows:

12. On or about October 25, 1986 in the early morning hours, at approximately 2:30 a.m., the plaintiff [Rankin] was a passenger and business invitee on the Broad Street Subway traveling North from City Hall.

13. Between City Hall and the Spring Garden stop of the Broad Street Subway Northbound, defendant, Chalmers Massey, for no reason whatsoever and without provocation, assaulted plaintiff and stabbed plaintiff in the back causing serious and permanent injuries as more particularly set forth hereinafter.

14. At the same time, defendant, George Diamond, who was employed as an agent, servant and employee of both defendant, SEPTA, and defendant, City of Philadelphia, and was a police officer was on board the Broad Street Subway train and witnessed the stabbing and the events leading up to the stabbing. However, said defendant did not prevent the stabbing or take any measures to prevent the assault upon the plaintiff.

15. After the stabbing, defendant, Diamond escorted defendant, Massey, and plaintiff from the Broad Street Subway train exiting onto the platform at the Spring Garden stop.

16. Plaintiff told defendant, Diamond, that he had been stabbed by defendant, Massey, in the back. However, defendant, Diamond, said that the Plaintiff would be alright [sic] and told him to sit down on the bench at the platform.

17. While the plaintiff was sitting down, he passed out and collapsed onto the platform itself and was allowed to lie on the platform with a stab wound in his back from 2:30 a.m. until approximately 6:45 a.m.

18. Plaintiff was unconscious and taken to Hahnemann University Hospital where he was diagnosed as suffering from a stab wound of the thoracic spine, particularly, a stab wound at T6 and T7.

Complaint at paragraphs 12–18.

Rankin alleged that the acts of commission or omission of Diamond, acting as the agent, employee and servant of SEPTA and the City as well as the acts of commission or omission of the City and SEPTA, who own operate and maintain the subway, amounted to a failure to exercise due care for the protection of Rankin who was a business invitee. Rankin sought monetary damages for his injuries and demanded a jury trial.

SEPTA, the City and Diamond filed preliminary objections to Rankin's complaint which were overruled. Answers and new matter were then filed by SEPTA, the City and Diamond, and answers to the new matter were filed by Rankin, SEPTA, the City and Diamond.

The City and Diamond filed a motion for summary judgment which was granted by the trial court on the ground that the City and Diamond owed Rankin no duty of care and that they were immune from suit on the basis of governmental immunity.

On appeal,[1] Rankin raises the following issues: (1) whether the City has waived the defense of governmental immunity in this case because the City has generally waived the defense of governmental immunity in actions commenced to recover damages for bodily injury or death caused by the negligent or unlawful conduct of a police officer while the police officer is acting within the scope of his employment; (2) whether the trial court erred by granting summary judgment to the City and Diamond because they had a duty to obtain medical care for Rankin; (3) whether the trial court erred by granting summary judgment to the City and Diamond because they had a duty to prevent the stabbing.

Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the movant clearly establishes entitlement to judgment as a matter of law. Summary judgment should be granted only where the pleadings, answers to interrogatories, depositions, admissions and affidavits establish that the movant's right to relief is clear and free from doubt. Pa.R.C.P. No. 1035(a). In this case the facts are not in dispute. We are concerned with whether the City and Diamond were entitled to summary judgment as a matter of law.

■ As to the first issue, Rankin argues that the City waived the defense of governmental immunity in this case when it enacted section 21–701 of the Philadelphia Code which states in pertinent part as follows:

WAIVER OF GOVERNMENTAL IMMUNITY

§ 21–701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligent or

1. Our scope of review of an appeal of the entry of summary judgment is to determine whether an error of law has been committed or an abuse of discretion has occurred. *Peters Township School Authority v. United States Fidelity & Guaranty Co.,* 78 Pa.Commonwealth Ct. 365, 467 A.2d 904 (1983).

unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

This court has held that the City acted within its home rule charter powers in enacting section 21–701 and that it effectively waived its immunity under the governmental immunity provisions of 42 Pa.C.S. §§ 8541–8564. *City of Philadelphia v. Gray*, 133 Pa.Commonwealth Ct. 396, 576 A.2d 411 (1990), *petition for allowance of appeal granted*, 526 Pa. 654, 586 A.2d 923 (1991). Rankin submits that the waiver of the immunity defense requires this court to reverse the trial court's grant of summary judgment in favor of the City and Diamond.

■ The City concedes that section 21–701 operates as a waiver of immunity, but argues that despite the waiver of immunity, it is entitled to summary judgment because Rankin has failed to establish that Diamond acted negligently. The elements of a cause of action in negligence are (1) a duty, recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interests of another. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983). In *Morris v. Musser*, 84 Pa.Commonwealth Ct. 170, 478 A.2d 937 (1984), this court held that the lack of immunity does not relieve a plaintiff from establishing what duty, if any, a police officer owed to him.

■ This brings us to the second issue raised by Rankin which is whether the trial court erred by granting summary judgment to the City and Diamond on the ground that the City and Diamond lacked a duty to obtain medical care for Rankin. The City argues that Rankin has not established that there was a duty on the part of Diamond to recognize a need for aid, or to render aid, to a member of the public for harm done by others absent a special relationship. The City relies on this court's decision in *Morris* in which this court adopted the no-duty rule which provides that "a police

officer's obligation to protect the citizenry is a general duty owing to the public at large, and not a specific duty owing to particular persons." *Id.*, 84 Pa.Commonwealth Ct. at 174, 478 A.2d at 939.

This court has also adopted the special relationship exception to the no-duty rule which provides that "if the police enter into a special relationship with an individual, ... the general duty owing to the public is narrowed into a specific duty owing to that person, the breach of which can give rise to a cause of action for damages." *Id.*, 84 Pa.Commonwealth Ct. at 174, 478 A.2d at 939–940.

The narrow special relationship exception to the no-duty rule exists only where there are circumstances establishing a special relationship between the the police and the crime victim. A plaintiff must demonstrate that the police were:

1) aware of the *individual's* particular situation or unique status,

2) had knowledge of the potential for the particular harm which the *individual* suffered, and

3) voluntarily assumed, in light of the knowledge, to protect the *individual* from the precise harm which was occasioned.

*Thomas v. City of Philadelphia,* 133 Pa.Commonwealth Ct. 121, 125, 574 A.2d 1205, 1206, *petition for allowance of appeal denied,* 527 Pa. 659, 593 A.2d 429 (1990) (quoting *Melendez v. City of Philadelphia,* 320 Pa.Superior Ct. 59, 65, 466 A.2d 1060, 1064 (1983)) (emphasis in original).

The City argues that Rankin has not demonstrated that he fits within the special relationship exception; therefore, the no-duty rule applies and Diamond had no duty towards Rankin, the breach of which would give rise to a cause of action.

The no-duty rule did not relieve Diamond of the duty to protect Rankin after the stabbing when Diamond had witnessed the stabbing, was aware that Rankin was injured, and assisted Rankin out of the train and onto the platform. These factors demonstrate that 1) Diamond was aware of Rankin's particular situation or unique status, i.e., the fact

that Rankin had been stabbed; 2) Diamond had knowledge of the potential for the particular harm which Rankin suffered, i.e., medically untreated injuries from the stabbing and inability to summon medical help; 3) Diamond voluntarily assumed, in light of that knowledge, to protect Rankin from the precise harm to which Rankin was subject when Diamond assisted Rankin from the train, seated him and assured him that he would be all right.

Therefore, we conclude that a special relationship existed between Diamond and Rankin which resulted in a duty on the part of Diamond to continue to assist Rankin and to summon medical aid for him.

Having determined that a duty existed, the breach of which forms a basis for Rankin's cause of action, we vacate the order of the trial court granting summary judgment and we remand for further proceedings consistent with this opinion.[2]

## ORDER

AND NOW, March 18, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

---

2. In light of our determination of the first and second issues in this case, we need not reach the third issue.