627 A.2d 248

Lawrence WELSH, Administrator of the Estate of Donald J. Lester, Sr. and Donald J. Lester, Jr. and Dolores Majewski and Helen Nally, Appellants,

v.

CITY OF PHILADELPHIA and Southeastern Pennsylvania Transportation Authority, Appellees.

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided June 17, 1993.

Gary I. Spivak, for appellants.

Philip E. Berens and Alan C. Ostrow, Asst. City Sol., for appellees.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

KELLEY, Judge.

Lawrence Welsh, Administrator of the Estate of Donald Lester, Sr., and decedent's mother, son and daughter (collectively, Welsh) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted the City of Philadelphia's (City) motion for judgment on the pleadings and dismissed all claims against the City.

Welsh filed a complaint against the Southeastern Pennsylvania Transportation Authority (SEPTA) and the City. Welsh contends that on October 10, 1988, decedent was a passenger aboard a SEPTA elevated train. During the train's scheduled route, decedent allegedly notified the SEPTA crew that he believed he was having a heart attack. According to Welsh's complaint, SEPTA's employees failed to notify the City Fire

and Rescue Squad and/or City Police, and instead abandoned decedent at the Margaret Orthodox Station.

Thereafter, it is alleged that a passerby implored a SEPTA cashier to notify the City for help. Upon arrival, the City police and fire personnel took no action to aid or resuscitate decedent because they feared the possible transmission of AIDS. Welsh alleges that as a result of the inaction of CITY and SEPTA personnel, the decedent expired.

In response to Welsh's complaint, the City filed an answer and new matter raising, *inter alia*, the defense of governmental immunity. Thereafter, the City filed a motion for judgment on the pleadings, contending that Welsh's claims did not fall within any exception to governmental immunity under sections 8541–8564 of the Judicial Code.[1]

On June 5, 1991, the trial court entered an order granting the City's motion for judgment on the pleadings.[2] This appeal follows.

Welsh first argues that the trial court erred in granting the City's motion for judgment on the pleadings because the City waived governmental immunity when it enacted Chapter 21–700 of the Philadelphia Code which provides in pertinent part as follows:

WAIVER OF GOVERNMENTAL IMMUNITY

§ 21–701. Police Officers.

(a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligent or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.[3]

1. 42 Pa.C.S. §§ 8541–8564.

2. A motion for judgment on the pleadings may be granted only when there are no facts at issue and the law is so clear that a trial would be a fruitless exercise. *Singer v. School District of Philadelphia*, 99 Pa.Commonwealth Ct. 553, 513 A.2d 1108 (1986).

3. On December 4, 1990, the Mayor of the City of Philadelphia signed into law an ordinance repealing Chapter 21–700 of the Philadelphia Code. The repeal of the ordinance has no effect on the present cause of action which occurred prior to the effective date of the repeal. *See City*

In *City of Philadelphia v. Gray*, 133 Pa.Commonwealth Ct. 396, 576 A.2d 411 (1990), *petition for allowance of appeal granted*, 526 Pa. 654, 586 A.2d 923 (1991), our court held that the City of Philadelphia acted within its home rule charter powers in enacting section 21–701 and that it effectively waived its immunity under the governmental immunity provisions of 42 Pa.C.S. §§ 8541–8564. We find the rationale set forth in *Gray* applicable in the present matter.

Welsh next contends that the trial court should have found that a special relationship existed between the police and the decedent which gave rise to liability when the police arrived to give emergency assistance to decedent but refused such assistance out of fear that decedent may transmit AIDS.

We note at the outset that the elements of a cause of action in negligence are (1) a duty, recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the interest of another. *Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983). In *Morris v. Musser*, 84 Pa.Commonwealth Ct. 170, 478 A.2d 937 (1984), this court held that the lack of immunity does not relieve a plaintiff from establishing what duty, if any, a police officer owed to him.

The City cites *Morris* for the proposition that a police officer's obligation to protect the citizenry is a general duty owing to the public at large, and not a specific duty owing to particular persons.

This court has also adopted the special relationship exception to the no-duty rule which provides that "if the police enter into a special relationship with an individual, ... the general duty owing to the public is narrowed into a specific duty owing to that person, the breach of which can give rise to a cause of action for damages." *Id.* at 174, 478 A.2d at 939–940. In *Rankin v. Southeastern Pennsylvania Transporta-*

*of Philadelphia v. Patton,* 148 Pa.Commonwealth Ct. 141, 609 A.2d 903 (1992).

*tion Authority,* 146 Pa.Commonwealth Ct. 429, 606 A.2d 536 (1992), we noted that the narrow special relationship exception to the no-duty rule exists only where there are circumstances establishing a special relationship between the police and the crime victim. To fit within the exception, a plaintiff must demonstrate that the police were:

1) aware of the *individual's* particular situation or unique status,

2) had knowledge of the potential for the particular harm which the *individual* suffered and

3) voluntarily assumed, in light of the knowledge, to protect the *individual* from the precise harm which was occasioned.

*Thomas v. City of Philadelphia,* 133 Pa.Commonwealth Ct. 121, 125, 574 A.2d 1205, 1206, *petition for allowance of appeal denied,* 527 Pa. 659, 593 A.2d 429 (1990).

In *Rankin,* the plaintiff, was stabbed while riding a SEPTA subway train in full view of a city police officer. The plaintiff in *Rankin* alleged that the officer then assisted plaintiff off the subway car and unto a bench at a subway platform where plaintiff remained on his own from 2:30 a.m. until approximately 6:45 a.m.

In *Rankin,* we determined that the no-duty rule did not relieve the police officer of the duty to protect the plaintiff after the stabbing, when he was aware plaintiff was injured, and where the officer had assisted plaintiff out of the train and onto the platform. We concluded that a special relationship existed which gave rise to a duty to continue to assist the plaintiff because the officer was (1) aware of plaintiff's unique situation; (2) had knowledge of the potential for the harm plaintiff suffered; and (3) the officer voluntarily assumed in light of that knowledge, to protect plaintiff from the precise harm to which the plaintiff in *Rankin* was subject to when the officer assisted him from the train, seated him and assured him that he would be all right. We find the existing scenario in *Rankin* distinguishable from the set of facts presently before us.

■ In the present matter, our review of the record reveals that Welsh has not alleged any material fact that would indicate that any City employee took any action to alleviate decedent's distress or to initiate an attempt to resuscitate decedent.

Therefore, in accordance with *Rankin* and *Thomas,* we must conclude that a special relationship did not exist between the decedent and City personnel sufficient to form a basis for Welsh's cause of action.

Accordingly, the order of the trial court granting the City's motion for judgment on the pleadings is affirmed.

## ORDER

NOW, this 17th day of June, 1993, the order of the Court of Common Pleas of Philadelphia County, dated June 5, 1991, at No. 1697, October Term 1990, is affirmed.