## Alfieri v. DeNaples

C.P. of Lackawanna County, no. 98 CV 03.

*Howard M. Spizer,* for plaintiff.
*Terrence J. McDonald,* for defendant Borough of Dunmore.
*Michael T. Savitsky,* for defendants DeNaples.

MINORA, *J.,* October 25, 2000—

## I. INTRODUCTION

Currently before this court is defendant Borough of Dunmore's motion for summary judgment. The under-

lying complaint was instituted by the plaintiff where she alleged negligence as a result of an attack by three vicious dogs while on her own property on January 1, 1997. Counts I and II are directed against the other defendants (Dominick DeNaples et al.) and are not at issue in this current motion for summary judgment. Count III is directed against defendant Dunmore.

Plaintiff has alleged in her complaint and in the testimony given by deposition that the DeNaples' dogs were allowed to roam freely and engaged in threatening and violent behavior in the past. The transcript of the deposition of plaintiff, Margaret Mary Alfieri, was filed on record on August 9, 2000, and is part of our consideration. In addition, the plaintiff filed an affidavit on July 13, 2000.

Plaintiff summarizes her testimony contained in her deposition and affidavit as follows:

Prior to being attacked by the dogs on January 1, 1997, plaintiff had placed numerous calls to the Borough of Dunmore Police Department to complain about the loose dogs and their threatening behavior. On all occasions, the Dunmore Police Department promised the plaintiff that the police would take care of the problem and that they would notify the DeNaples of the complaints concerning the dogs and that they would undertake steps to see that the dogs were secure, but failed to do so.

Defendant Borough of Dunmore previously raised the same legal defenses in preliminary objections that they are raising now by summary judgment (*i.e.,* (1) Dunmore is immune from suit under 42 Pa.C.S. §8541 as no exception to governmental immunity applies; (2) Dunmore has no legal duty to provide police protection to plaintiff individually but only to the public at large).

While this court denied those preliminary objections on February 4, 1999, we were limited to a review of the pleadings. Now that the record has been supplemented by discovery, we can revisit those legal defenses which are the subject of Dunmore's motion for summary judgment filed on March 24, 2000. The borough filed its supportive brief also on March 24, 2000, and the plaintiff filed her brief in opposition thereto on April 24, 2000. The court entertained oral argument on August 9, 2000, thus rendering Dunmore's motion for summary judgment ripe for disposition.

## II. ISSUES

(1) Is the Borough of Dunmore entitled to summary judgment because (a) they are immune from suit under 42 Pa.C.S. §8541 and no exception applies and/or, (b) the borough owes no special duty to the individual plaintiff but only to the public at large?

## III. DISCUSSION

### A. *The Standard of Review for Summary Judgment*

Under Pa.R.C.P. §1035.2, summary judgment may be properly entered "where (1) there is no genuine issue of material fact as to a necessary element of the cause of action which could be established by additional discovery or an expert report, or (2) after completion of discovery and production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action." *Campanaro v. Pennsylvania Electric Co.,* 738 A.2d

472, 475-76 (Pa. Super. 1999); *Reimer v. Lackawanna County,* 101 Lacka. Jur. 123, 134 (1999). In considering a motion for summary judgment, all well-pleaded facts must be accepted as true and all doubts as to the existence of a genuine issue of material fact are to be resolved in favor of the non-moving party. *Tenaglia v. Procter & Gamble Inc.,* 737 A.2d 306, 307 (Pa. Super. 1999); *Rivera v. Barone,* 99 Lacka. Jur. 130, 133 (1998).

The moving party has the burden of proving the non-existence of any genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Rapagnani v. Judas Co.,* 736 A.2d 666, 668 (Pa. Super. 1999). To withstand such a motion, the non-moving party must adduce sufficient evidence on a crucial issue as to which that party bears the burden of proof so as to demonstrate that a jury could return a verdict in favor of the non-movant. *Hames ex rel. Hames v. Housing Authority,* 737 A.2d 825, 828 n.4 (Pa. Commw. 1999). Failure to produce any such evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a  matter of law. *Harman on Behalf of Harman v. Borah,* 720 A.2d 1058, 1061 (Pa. Super. 1998); see also, *Bernice Catalano v. Triple A. Security Systems Inc.,* 101 Lacka. Jur. 311, 315 (2000); *Horne v. Haladay,* 728 A.2d 954 (Pa. Super. 1999).

B. *Dunmore's Argument Based on Immunity of 42 Pa.C.S. §8541 And the Alleged Absence of a "Special Duty" to the Individual Plaintiff*

With those principles in mind, we can now examine Dunmore's specific contentions for summary judgment.

There is no question that the plaintiff does not meet the exception to governmental immunity contained in 42 Pa.C.S. §8542(b)(8) which states in pertinent part:

"(b) Acts Which Impose Liability—the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(8) *Care, custody or control of animals*—the care, custody or control of animals In The Possession Or Control Of A Local Agency, including but not limited to police dogs and horses. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute." (emphasis added)

Obviously, the dogs in question were owned by the DeNaples defendants and were not in the care, custody and control of the Borough of Dunmore. Therefore, as a matter of law, the exception does not apply. See *Jenkins v. McDonald,* 92 Pa. Commw. 140, 498 A.2d 487 (1985).

However, that is not the focused theory of liability put forth by the plaintiff. The true theory of liability as set forth in the plaintiff's complaint (see Count III of plaintiff's complaint filed June 1998) is a "special relationship exception" to the "No duty rule."

The "No duty rule" provides that a police officer's obligation to protect citizenry is a general duty owing to the public at large and not a specific duty owing to a particular person. *Melendez v. City of Philadelphia,* 320 Pa. Super. 59, 466 A.2d 1060 (1983); *Thomas v. City of Philadelphia,* 133 Pa. Commw. 121, 574 A.2d 1205

(1990); *Morris v. Musser,* 84 Pa. Commw. 170, 478 A.2d 937 (1984).

However, the appellate courts have developed a "special relationship exception" to the "No duty rule" which provides that if the police enter into a special relationship with an individual, the general duty owing to the public is narrowed into a specific duty owing to that person, the breach of which can give rise to a cause of action for damages. *Morris v. Musser, supra.*

In *Rankin v. SEPTA,* 146 Pa. Commw. 429, 606 A.2d 536 (1992), our Commonwealth Court set forth three things a plaintiff must demonstrate in order to carve out a "special relationship" exception to the "No duty rule:"

"(1) the plaintiff must demonstrate that the police were aware of the individual's particular situation or unique status;

"(2) the plaintiff must demonstrate that the police had knowledge of the potential for the particular harm which the individual suffered; and

"(3) the police voluntarily assumed, in light of the knowledge, to protect the individual from the precise harm which was occasioned." See *Rankin v. SEPTA,* 146 Pa. Commw. at 435, 606 A.2d at 538.

Now, we must examine the record to see if those elements conceivably exist that they would be submitted to a jury. *Hames ex rel. Hames v. Housing Authority, supra.*

There is no question that the plaintiff has demonstrated that the police were aware of her particular situation vis-à-vis the DeNaples dogs. (See plaintiff's affidavit filed

July 13, 2000; plaintiff's deposition N.T. pp. 13, 14, 16, 18, 19, 20, 25, 35, 36, 37.)

In addition, it is conceivable that a jury could infer that the plaintiff could demonstrate that the police had knowledge of the potential for the particular harm which the plaintiff suffered. (See record cited above.)

Moreover, it is conceivable a jury could decide that the police voluntarily assumed, in light of the knowledge, that they would protect the plaintiff from the precise harm which was occasioned. According to her testimony, Dunmore promised that they would take care of the problem, and they would notify the defendants DeNaples of the complaints and they would undertake steps to see that the dogs were secure, but obviously failed to do so. (See record cited above.)

While Dunmore's arguments in its brief are certainly skillful and well-reasoned, they are arguments that are more properly made to a jury as the finder of facts.

Therefore, we must deny Dunmore's motion for summary judgment.

An appropriate order will follow.

## ORDER

And now to wit, October 25, 2000, upon consideration of the motion for summary judgment of the defendant, Borough of Dunmore, and the able written and oral arguments of counsel and in accordance with the foregoing memorandum,

It is hereby ordered and decreed that the defendant Borough of Dunmore's motion for summary judgment is denied.