## Shapiro v. Marian Radiological Associates Inc.

*Mitchell A. Smolow,* for plaintiff.

*Michael R. Mey,* for defendants.

MINORA, *J.,* March 23, 2005—

## I. INTRODUCTION

Currently before the court is the plaintiff's motion for partial judgment on the pleadings. The underlying action arises out of a contractual dispute between the parties, particularly concerning the alleged non-payment of plaintiff's salary as governed by the subject written employment agreements which governed plaintiff's employment and compensation as a radiologist on behalf of Marian Radiological Associates Inc.

By way of procedural background agreed to by the parties, the plaintiff, through former counsel, filed a writ of summons on April 20, 2000, naming Marian Radiological Associates Inc. and Northeast Imaging Consultants P.C. as defendants. The writ was properly served on April 25, 2000.

Discovery in aid of preparing the complaint was subsequently conducted. On October 8, 2002, current counsel entered his appearance, and on October 21, 2002, prior counsel withdrew. On December 3, 2002, plaintiff, through current counsel, filed his complaint, naming Romas Dovydaitis M.D., Suman A. Patel M.D. and Peter Gregory M.D. as additional defendants. The complaint was properly served on January 2, 2003.

Defendants filed preliminary objections to the complaint on January 20, 2003, and plaintiff responded by filing an amended complaint on February 7, 2003.

On March 6, 2003, plaintiff served on defendants' counsel a notice of praecipe to enter judgment by default.

Defendants filed preliminary objections to the amended complaint on March 17, 2003, 18 days late. On March 19, 2003, plaintiff filed his preliminary objections to defendants' preliminary objections to the amended complaint.

Defendants filed their answer to plaintiff's preliminary objections on April 23, 2003, approximately 16 days late. On July 18, 2003, the undersigned granted plaintiff's preliminary objections to defendants' preliminary objections to the amended complaint and ordered defendants to file an answer within 20 days.

On August 13, 2003, after defendants failed to file an answer within the time ordered by the court, plaintiff filed a second notice of praecipe to enter judgment by default. On August, 18, 2003, 11 days late, defendants filed their answer to the amended complaint and new matter, and on September 5, 2003, plaintiff filed his answer to defendants' new matter.

The pleadings are now finally closed.

On November 5, 2003, the plaintiff filed a motion for partial judgment on the pleadings along with a supportive brief.

On January 12, 2004, the defendants filed an answer to plaintiff's motion for partial judgment on the pleadings and a supportive brief.

A reply memorandum in support of plaintiff's motion for judgment on the pleadings was filed on February 26, 2004.

The undersigned entertained oral argument on March 25, 2004. At that time, at the parties' request, we put a hold on disposition of this motion to allow the parties to attempt an amicable resolution. Since it is now apparent that this is not going to happen, we will dispose of plaintiff's motion for partial judgment on the pleadings.

## II. ISSUE(S)

Should plaintiff's motion for partial judgment on the pleadings be granted as to liability limiting the court to a further determination of damages?

## III. DISCUSSION

### A. *The General Standards for a Motion for Judgment on the Pleadings*

Pa. Rule of Civil Procedure 1034 states:

"(a) after the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings . . .

"(b) The court shall enter such judgment or orders as shall be proper on the pleadings."

We note that a motion for judgment on the pleadings is similar to a demurrer and may only be granted when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Miller v. Nelson,* 768 A.2d 858 (Pa. Super. 2001), *reargument denied, appeal denied,* 566 Pa. 665, 782 A.2d 547 (2001).

Moreover, in order to grant a motion for judgment on the pleadings, the facts must be undisputed and the law so clear that trial would be a fruitless exercise. *Welsh v. City of Philadelphia,* 156 Pa. Commw. 299, 627 A.2d 248 (1993).

We can consider only the pleadings and attachments thereto in deciding a motion for judgment on the pleadings. *Booher v. Olczak,* 797 A.2d 342 (Pa. Super. 2002).

We further note that neither party admits conclusions of law or unjustified inferences. *Mellon Bank N.A. v. National Union Insurance Company of Pittsburgh, Pa.,* 768 A.2d 865 (Pa. Super. 2001); *Hammerstein v. Lindsay,* 440 Pa. Super. 350, 655 A.2d 597 (1995).

Also, the court must look to the *overall* pleadings to determine if material fact issues have been admitted. See *Bevans v. Township of Hilltown,* 72 Pa. Commw. 227, 299, 457 A.2d 977 (1983).

With those principles in mind, we can now examine plaintiff's motion for partial judgment on the pleadings.

We must note that the pleadings are clear that the salary dispute issue was resolved by the contractual arbitration decision of Charles Galat C.P.A. (See exhibit "D" to plaintiff's complaint.)[1]

---

1. Said decision of Charles Galat C.P.A. was served on June 7, 2000. (See exhibit "D" to plaintiff's complaint.)

While the process itself certainly seems on its face to have due process deficiencies, those matters, including the denial of a hearing, have to be brought to the court's attention via a petition to vacate or modify the arbitrator's award within 30 days of said award. See *Snyder v. Cress,* 791 A.2d 1198 (Pa. Super. 2002); 42 Pa.C.S. §7342(b).

Obviously, such a petition has never been filed by the plaintiff and the decision of Charles Galat C.P.A. is arguably final. (See exhibit "B" to plaintiff's complaint, paragraph 4(c)(vii)—The arbitration clause for salary and bonus.)

We also note that the defendants have never motioned the court for confirmation and judgment of the arbitrator's award as per 42 Pa.C.S. §7342(b) which states:

"(b) *Confirmation and judgment*—On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common-law arbitration), the court *shall* enter an order confirming the award and *shall* enter a judgment or decree in conformity with the order . . . ." (emphasis added)

See *Lowther v. Roxborough Memorial Hospital,* 738 A.2d 480, 485 (Pa. Super. 1999), *appeal denied,* 563 Pa. 637, 758 A.2d 1194 (2000).

Therefore, the arbitrator's award sits in limbo at this juncture, due to the inaction of both plaintiff and defendants.

However, plaintiff cannot escape the fact that he never filed a petition to vacate or modify the arbitrator's decision of June 7, 2000. Therefore, this court lacks ju-

risdiction over this matter at this point. See *Snyder v. Cress, supra; Lowther v. Roxborough Memorial Hospital, supra.*

Since subject matter jurisdiction is never waived and can be raised sua sponte by the court, we have no choice but to dismiss plaintiff's complaint since we have discovered by our analysis that we have no subject matter jurisdiction. See *Commonwealth v. Danysh*, 833 A.2d 151 (Pa. Super. 2003).

Ultimately, since Pa.R.C.P. 1034(b) allows us to enter such judgment or order as shall be proper on the pleadings, our analysis as set forth above gives us no choice but to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

We note procedurally that, had the defendants motioned the court to confirm the arbitrator's award as per 42 Pa.C.S. §7342(b), all of the previous pretrial wrangling could have been avoided.

An appropriate order will follow.

## ORDER

And now to wit, March 23, 2005, upon due consideration of plaintiff's motion for partial judgment on the pleadings and the court's consideration of the able written and verbal arguments of counsel, and the court's own analysis regarding subject matter jurisdiction, it is hereby ordered and decreed that plaintiff's complaint is dismissed for lack of subject matter jurisdiction, thus rendering plaintiff's motion for partial judgment on the pleadings moot, and closing this file.