510 A.2d 389

George W. Shearer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 23, 1985, to Judges MACPHAIL, DOYLE, and BARRY, sitting as a panel of three.

*Paul J. Elias,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, June 2, 1986:

This is an appeal by claimant, George W. Shearer, from an order of the Unemployment Compensation Board of Review (Board) adopting and affirming the decision of the referee which denied benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was a substitute teacher with the Mount Pleasant School District from the Spring of 1983 until November 1, 1983. He was certified in biological science and general sciences. He earned $40.00 per day. In October of 1983, the regular chemistry teacher informed Mount Pleasant that he would be absent due to an extended illness. Claimant was notified by Mrs. Debbie Ponko, the principal's secretary, that he was to report daily to teach chemistry until further notice. The record shows that substitute teachers were called on a day to day, as needed, basis unless, as here, they were informed that their assignment would be long term. Claimant was not certified in chemistry but was assigned to these duties by the principal, Mr. James McKenna, because his area of specialization was closely related to chemistry. The crux of the dispute revolves around claimant's dissatisfaction with teaching a class in which he was not certified. At the referee's hearing,

claimant maintained that, on November 1, 1983, he and Mr. McKenna had reached an understanding that because he was not certified, he was not to teach the chemistry class. Mr. McKenna testified for employer that, after the November 1st discussion with claimant, he expected that claimant would seek any necessary assistance from the head of the chemistry department but would continue to report. Mrs. Ponko testified that the following day, November 2, 1983, claimant called to report off work due to a minor automobile accident. Claimant never reported again. Claimant denies that he ever contacted or was contacted by the school between November 1st and November 7th. According to her testimony, when Mrs. Ponko contacted him on November 7th, about the chemistry class assignment, he informed her that Mr. McKenna and he had reached an understanding that he was not to teach the chemistry class. When this statement was relayed to Mr. McKenna he informed Mrs. Ponko not to contact claimant again.

The referee found that employer was aware that claimant was not certified in chemistry and that the employer did not violate any Department of Education laws or regulations by assigning claimant to the chemistry class, that claimant was offered and accepted the chemistry class assignment but did not report, initially because he was working for another school district for several days and then, after reporting for two days (October 31st and November 1st, which was the day that claimant alleges that he discussed his assignment with Mr. McKenna), because he was of the opinion that he was not qualified to teach chemistry due to his lack of certification. In addition, the referee found the claimant was discharged on November 7th (the date Mr. McKenna testified that he informed Mrs. Ponko that she should no longer contact claimant) and that he was notified of his discharge. The referee denied benefits

concluding that claimant's conduct was inimical to employer's interests thus constituting willful misconduct. The factual findings were incorporated into the Board's decision after both parties agreed in a stipulation of the facts. The Board subsequently affirmed and this appeal followed.

Claimant does not ground his appeal on the Board's conclusion that he was guilty of willful misconduct. Claimant, on appeal, argues only that the Board's finding that he was notified of his discharge is unsupported by the record, that he was not notified of his discharge and that, therefore, his discharge for willful misconduct was ineffective until notice was received.

The claimant is correct in his assertion that the Board's finding that he was notified of his discharge is totally without support in the record. None of the employer's witnesses, at any time in the record, indicate that they notified the claimant of his discharge. The Board concedes this in its brief but argues that this is an immaterial finding and should be disregarded. We find this most troubling. The facts here show that there was an obvious failure on the part of the school district to make even the most minimal attempt to contact claimant to inform him of his status. Since the referee found that claimant rejected the long-term chemistry class assignment, his status as a substitute teacher reverted to that of *"per diem"* or day-to-day substitute. As a *per diem* substitute teacher, claimant was not in a position to know that he was unemployed unless he was expressly informed of this fact because the character of his employment required him to wait at home to be contacted by the school district when the need to substitute arose. In a more traditional employment capacity, claimant would have been informed by his superiors when he reported to work the next day or contacted by them to inform him that he was discharged; but, here, claimant

had no regular, guaranteed contact with the school officials. A fair inference to be drawn from the school employees' and Board's own admission is that claimant waited at home to be contacted by the school district, perhaps foregoing other employment or refraining from seeking other employment because he was totally unaware of the school's decision. The only conclusion that can be drawn from the facts as presented to us is that claimant during the period in question was neither discharged nor employed. For these reasons we decline to accept the Board's proposition that notice to claimant under these circumstances is irrelevant. We reject the notion that claimant, who, as the result of a decision by school officials, was not recalled or, in effect, was terminated, is ineligible for benefits during that period when he was not made aware of the fact of the discharge. We are careful to confine this determination to a *per diem* substitute teacher's eligibility for unemployment compensation benefits during a period when there was no notice to him of his discharge. We note, as well, that the facts of this case must be distinguished from those in a case in which a substitute teacher commits an egregious act after which his or her employment status is or should be obvious. Here, the Board found only that claimant failed to report because he disagreed that he should teach chemistry without the regular certification—not necessarily an act or omission from which, by its nature, claimant would obviously know would affect his employment.

Crucial to a determination of any amount owed claimant are specific findings as to when claimant received actual or constructive notice of his discharge for willful misconduct,[1] and findings related to earnings, if any, claimant may have received working for other

---

[1] Claimant argues that it was April 2, 1984, but no findings were made by the Board on this issue.

school districts during the period between November 1, 1983 and the date it is determined that claimant learned of his dismissal for willful misconduct.[2]

Accordingly, we vacate the Board's decision and remand for specific factual findings consistent with this opinion.

ORDER

Now, June 2, 1986, the order of the Unemployment Compensation Board of Review, at No. B-233774, dated August 24, 1984, is vacated and the matter remanded to the Board for specific factual findings consistent with this opinion.

Jurisdiction relinquished.

---

[2] We notice that in claimant's testimony he admits that his name is on the substitute teacher list for several other school districts. The Board, having found claimant discharged for willful misconduct, naturally did not make findings as to any income claimant may have earned working for other school districts either during the time he worked for Mount Pleasant or for that period after his discharge. If claimant had a reasonable assurance of employment or earnings from another school district, it is quite possible that claimant is ineligible for benefits on grounds other than willful misconduct and irrespective of the lack of notice.