Walter ROBINSON, Appellant,

v.

CITY OF PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.
Decided Oct. 26, 1995.

Robert Gamburg, for appellant.

Alan C. Ostrow, Deputy City Solicitor, for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Walter Robinson appeals an order of the Court of Common Pleas of Philadelphia which granted a motion for summary judgment filed by the City of Philadelphia in a tort action, the facts of which follow.

The trial court established that Robinson was riding a bicycle on July 18, 1989, at

approximately 12:10 p.m., in a westerly direction on Chestnut Street near the intersection of 13th Street in the City of Philadelphia, where a Philadelphia police officer was directing traffic. Chestnut Street is rife with signs notifying the public that bike riding is prohibited on Chestnut Street. The police officer signaled Robinson to stop riding his bike; Robinson, however, continued to ride and, as Robinson approached the 13th Street intersection, the officer grabbed Robinson by the arm to stop him from further riding. As a result, Robinson was pulled off his bicycle.

Subsequently, Robinson filed a complaint alleging that he sustained injuries as a result of this incident, due to the negligence of the police officer. The City filed an answer and in its new matter, raised the defense of governmental immunity under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. On March 18, 1994, the City filed a motion for summary judgment alleging that: (1) the claim did not fit within any exception to governmental immunity as set forth in the Section 8542(b) of the Judicial Code, 42 Pa. C.S. § 8542(b), and (2) governmental immunity as a defense was not waived by Section 21.701 of the Philadelphia Code.[1] Robinson, in turn, asserted that this case is covered by Section 8542(b)(4) of the Judicial Code, the traffic controls exception to governmental immunity, because the officer was directing traffic at the time of the incident, and, thus, was acting as a "traffic control."

On May 31, 1994, the Honorable John W. Herron of the Court of Common Pleas of Philadelphia granted the City's motion, holding that as a matter of law the police officer's actions did not come within any of the exceptions to governmental immunity. Specifically, the court held that a police officer who is directing traffic is not a "traffic control device" for purposes of Section 8542(b)(4) of the Judicial Code.

■ On appeal to this Court,[2] Robinson argues that the governmental immunity provisions of the Judicial Code do not apply to this case because the City waived it, and, in the alternative, even if governmental immunity does apply, a genuine issue exists as to whether the police officer was acting in the capacity of a "traffic control device" and therefore falls within the "(b)(4)" exception to governmental immunity.

42 Pa.C.S. § 8542(b) states in relevant part:

> **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . . .
>
> (4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency. . . .

■ Robinson argues that the governmental immunity defense is not available to the City in this case because the cause of action arose on July 18, 1989, and at that time Section 21–701 of the Philadelphia Code was still valid and in force; therefore, no immunity defense exists. *See supra* note 1. We note that Robinson did not raise the issue of Section 21.701 in his response to the City's motion for summary judgment and therefore it has been waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Nevertheless, we feel compelled to address Robinson's argument.

---

1. Section 21–701, which was enacted in 1962, and repealed on December 4, 1990 provided in part:

   (a) The City shall not plead governmental immunity as a defense in any civil action commenced by any person sustaining bodily injury or death caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of his office or employment.

2. Our scope of review of a grant of summary judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Bowles v. Southeastern Pennsylvania Transportation Authority*, 135 Pa.Cmwlth. 534, 581 A.2d 700 (1990). After the pleadings, depositions and discovery has occurred, summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Miseo v. Ross Township Police Department*, 147 Pa.Cmwlth. 263, 607 A.2d 806 (1992).

■ Our Supreme Court invalidated Section 21.701 of the Philadelphia's Code in *City of Philadelphia, Police Department v. Gray,* 534 Pa. 467, 633 A.2d 1090 (1993), and held that the waiver of governmental immunity in the Philadelphia's ordinance was invalid from the time of the enactment of the governmental immunity provisions of the Judicial Code on October 5, 1980. Subsequently, our Court in *Davis v. City of Philadelphia,* 168 Pa. Cmwlth. 334, 650 A.2d 1127 (1994), which was filed on November 10, 1994, before Robinson filed his brief with our Court, stated that decisions interpreting statutes apply retroactively to the date the particular statute became effective. Thus, Section 21.701 was invalidated as of the date Sections 8541 and 8542 of the Judicial Code were enacted.

Accordingly, because Robinson's cause of action arose in 1989, a date well past the enactment date of the governmental immunity provisions in the Judicial Code, Section 21–701 is inapplicable and the City can assert the defense of governmental immunity.

■ The City, in response to Robinson's argument based upon the applicability of Section 21–701, suggests that this Court impose sanctions against Robinson for failing to disclose legal authority that is controlling in the case. The City asserts that the issues which Robinson raises were specifically addressed in *Gray* and *Davis,* neither of which were mentioned in Robinson's brief to this Court. The City directs our attention to the fact that Robinson relied on *Agresta v. Gillespie,* 158 Pa.Cmwlth. 230, 631 A.2d 772 (1993) to support its waiver of immunity argument. Shepardizing *Agresta* leads to the discovery that our opinion of *Peak v. Petrovitch,* 161 Pa.Cmwlth. 261, 636 A.2d 1248 (1994), states clearly that *Agresta* was overruled by the Supreme Court in *Gray.*

In our view, Robinson's omission was not mere inadvertence. The City, in its motion for summary judgment, not only cited to *Gray,* but attached a copy of it to the motion. We must conclude that Robinson knowingly failed to disclose to this Court controlling legal authority in contravention of Rule 3.3 of the Rules of Professional Conduct. This Court finds that Robinson's conduct was irritating and frivolous. An appeal is frivolous if there is no likelihood of success and devoid in merit, *Department of Transportation, Bureau of Driver Licensing v. Moran,* 159 Pa. Cmwlth. 655, 634 A.2d 677 (1993), as are arguments which counter well established rules of law. *Murphy v. Murphy,* 410 Pa.Superior Ct. 146, 599 A.2d 647 (1991), *petition for allowance of appeal denied,* 530 Pa. 633, 606 A.2d 902, *cert. denied,* —— U.S. ——, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). Therefore, pursuant to Pa. R.A.P. 2744, Robinson is hereby ordered to pay reasonable attorney fees and costs to the City, which will be determined by Judge Herron, the trial judge.

■ Robinson's second argument is that the actions of the police officer constitute a traffic control, and therefore, his actions fall within the exceptions to governmental immunity as set forth in the "(b)(4)" exception. However, this exception applies to inanimate objects, such as traffic lights, etc. *Miseo.* The statute was never intended to apply to a police officer directing traffic. *Id.* In note 6 of *Miseo,* this Court stated "police regulation of traffic does not fall within the acts encompassed by the governmental immunity exception at Section § 8542(b)(4)." *Id.,* 147 Pa. Cmwlth. at 277 n. 6, 607 A.2d 806. *See also Smith v. City of Chester,* 842 F.Supp. 147 (E.D.Pa.1994) (a school crossing guard, who also directs traffic, is not a traffic control within the meaning 42 Pa.C.S. § 8542(b)(4)).

Accordingly, the order of the trial court is affirmed and this case is remanded to the trial court for a determination of the attorney's fees and costs to be awarded under Pa. R.A.P. 2744.

## ORDER

NOW, October 26, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed. This case is remanded to the Court of Common Pleas of Philadelphia County for the calculation and award of reasonable attorney's fees and costs.

Jurisdiction is relinquished.