**Nellie L. WALLACE, Administratrix of the Estate of Andrew J. Wallace, Deceased, Appellant,**

v.

**The DEPARTMENT OF TRANSPORTATION OF THE COMMONWEALTH of Pennsylvania; The City of Easton; John Doe, Employee of the Commonwealth of Pennsylvania; and John Doe, Employee of the City of Easton.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 1997.

Decided Oct. 10, 1997.

James F. Brose, Easton, for appellant.

William A. Slotter, Senior Deputy Attorney General, Allentown, for appellee, DOT.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Nellie L. Wallace, Administratrix of the estate of Andrew J. Wallace, (Decedent), appeals an order of the Court of Common Pleas of Northampton County (trial court), granting the Department of Transportation's (Department) motion for summary judgment and dismissing Wallace's complaint.

Decedent was driving on State Route 611 in Easton when his car allegedly struck either a pothole or the curb causing him to lose control of the vehicle, which crossed three feet of grass, knocked over a chain link fence, and plummeted into the Delaware River, causing him to drown. Route 611 was a road that the Department "adopted" from the City of Easton pursuant to what is commonly known as Act 262 of the State Highway Law.[1] Under Sections 521 and 522 of the

---

1. State Route 611 was "adopted" from Easton by the Department under what is known as "Act 262" of the State Highway Law, Act of June 22, 1931, P.L. 720, *as amended*, 36 P.S. § 103.

State Highway Law,[2] the Department assumes responsibility for the "base [and] surface courses" ... "between the curb lines" but assumes no duty for traffic regulations, parking or the general use of the streets.

Wallace filed a wrongful death action against the Department and Easton[3] alleging that Decedent "lost control of the operation of the car when one of its wheels struck either a pothole or the curb alongside the highway." Wallace also alleged that the Department,[4] among other things, failed to install a barrier to prevent cars from leaving the road.

The Department filed preliminary objections to the complaint alleging Wallace had failed to assert a duty owed to Decedent that had been breached. It alleged that the allegations of the complaint did not fall within the real estate exception to immunity under Section 8522(b)(4) of the Sovereign Immunity Act.[5] It also demurred because, under Sections 521 and 522 of the State Highway Law, it has no duty to regulate traffic, parking or the general use of the streets and is responsible only for the base or surface courses "between curb lines."

In determining whether the conduct fell within the real estate exception, the trial court granted the Department's preliminary objection to Wallace's contention that it had been negligent in failing to install a guardrail based on this Court's decision in *Rothermel v. Department of Transportation*, 672 A.2d 837 (Pa.Cmwlth.1996). Under *Rothermel*, the real estate exception to immunity only applies when the dangerous condition or defect actually causes rather than just facilitates the injury. The trial court also held that the State Highway Law limited the duty of the Department to the maintenance of the base and surface courses of the roadway, and that it had no duty to make the road safe for third parties beyond the duty to make the surface courses in good repair. However, because the curb and pothole were defects *of* the highway itself, the trial court allowed those claims to proceed.

When the case was called for trial, the Department made an oral motion for summary judgment contending that Wallace had not been able to submit an expert report that the curbing in issue was the cause of the accident, cause of the automobile leaving the highway, and the eventual cause of Decedent's death. The trial court granted the Department's motion because Wallace could present no evidence in support of her contention that a pothole or defective curb caused the accident, and it dismissed the remainder of Wallace's complaint and entered judgment for the Department and against Wallace. This appeal followed.[6]

No longer contending that the cause of the accident was a pothole or defective curb,

---

**2.** Sections 521 and 522 of the State Highway Law are part of the 1945 amendments to that Law which was amended in 1945 by the Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670–521 and § 670–522.

**3.** Wallace filed an action against Easton in which she alleged the same allegations as against the Department, except for allegation (d), regarding the failure to lower the speed limit. The trial court granted the preliminary objections/motion for summary judgment filed by Easton and dismissed Wallace's complaint against Easton. Wallace's appeal to this Court is to the dismissal of her complaint as to the Department only.

**4.** Wallace also named the Commonwealth itself, but because the Commonwealth is completely immune pursuant to 1 Pa.C.S. § 2310, the trial court granted the Commonwealth's preliminary objections and it was dismissed from suit.

Wallace also named "John Doe", an unknown employee of the Department, for failing to maintain a barrier along the side of Route 611. For the same reasons that it dismissed the Department, the trial court dismissed "John Doe", the unknown employee. On appeal, Wallace is not seeking to reinstate that employee.

**5.** 42 Pa.C.S. § 8521–8522. The real estate exception, found at 42 Pa.C.S. § 8522(b)(4), provides that liability may be imposed on a Commonwealth party and the defense of sovereign immunity will be waived when the damages are caused by:

A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency.

**6.** Our scope of review of the trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Robinson v. City of Philadelphia*, 666 A.2d 1141 (Pa.Cmwlth.1995).

Wallace contends before us that the trial court erred in granting the preliminary objections to her allegation that the Department failed to properly construct or maintain a guardrail. She argues that this Court's decision in *Rothermel v. Department of Transportation, supra,* is contrary to the legislative intent of the Sovereign Immunity Act and should be overruled, because it looks only to the cause of the accident, not the injury, and further limits recovery only to those injuries caused directly by the real estate, even when the Department's negligence constitutes a substantial, contributing factor.

Even if we were to assume that *Rothermel* should be reversed, and that the alleged cause of the accident fell within the real estate exception to immunity, Wallace would still have to establish negligence at common law. To do so, Wallace must establish that, among other things, the Department breached "a duty or obligation recognized by the law, requiring [it] to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983). The fundamental inquiry here then is whether there exists a duty which flows from the Department to Wallace. *See Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992).

█ The Department argues that Wallace has failed to establish that it owed Decedent any duty since, under Section 521 of the State Highway Law, the Department's duty with respect to the state road is specifically and narrowly limited. The relevant portions of Section 521 of that Law provides:

This act is not intended, and shall not be construed:

(1) to place upon the Commonwealth any duty to regulate traffic or police any such streets, but such duty shall be and remain the obligation of the cities;

(2) to place upon the Commonwealth any obligation for the maintenance, con-struction, reconstruction or resurfacing of said streets other than the base or surface courses . . .

(3) to place upon the Department any authority to regulate traffic, parking, or the general use by the traveling public of the streets, or section thereof, taken over by the Commonwealth for maintenance or improvement under the provisions of this or any other act: provided, however, that the Department is hereby authorized to close to traffic all of the streets, or sections thereof, taken over as state highways, during such time as improvements are being made thereon, and, in such case, the city shall establish and maintain a suitable detour in accordance with the provisions of this Act.

36 P.S. § 670–521.

Moreover, Section 522 of the Act further limits the Department's duty with respect to State Road 611 and provides as follows:

After the streets designated as State highways shall have been taken over by the Commonwealth, . . . The obligation of the Commonwealth in the construction, recon-struction, resurfacing or maintenance, as hereinbefore provided, shall be limited to that part of the street, or section thereof, *between curb lines* as established at the time of passage of the act by which the street was designated as a State highway, or, in the discretion of the secretary, *between curb lines* theretofore or thereafter established, but shall not include the portions of such streets which are or may be used and occupied by the structures of surface facilities of any public utility company . . .

36 P.S. § 670–522. (Emphasis added).

Both of these provisions of the State Highway Law were specifically enacted to limit the responsibility of the state to the maintenance of the base and surface courses from curb to curb and no more. Addressing virtually identical provisions of the State Highway Law applicable to cities of the first class,[7] in

---

7. Section 1758–203 of the State Highway Code, 36 P.S. § 1758–203 provides:

This act is not intended and shall not be construed:

(1) To place upon the Commonwealth any duty to regulate traffic or police the streets herein taken over by the Commonwealth but

*Bryson v. Solomon,* 97 Pa.Cmwlth. 530, 510 A.2d 377 (1986), *petition for allowance of appeal denied,* 519 Pa. 668, 548 A.2d 257 (1988), we held that the City of Philadelphia, not the Department, retained the responsibility to regulate traffic on an "adopted" state road.

Because, in the end, what is alleged is a failure to place a barrier along Route 611 to prevent cars from leaving the road, and because the Department did not have a duty to do so, Wallace cannot make out a cause of action for negligence against the Department because she cannot show a breach of any duty owed to the Decedent. Accordingly, we affirm the trial court's order granting summary judgment and dismissing Wallace's complaint against the Department.

### *ORDER*

AND NOW, this 10th day of October, 1997, the February 25, 1997 order of the Court of Common Pleas of Northampton County, No, 1995–C–8190, is affirmed.

such duty shall be and remain the obligation of the cities.

(2) To place upon the Commonwealth any obligation for the maintenance, construction, reconstruction or resurfacing of said streets other than the base or surface courses.

(3) To place upon the Commonwealth any obligation under any franchise or franchises heretofore or hereafter granted by the city to any public utility company nor to transfer to the Commonwealth from the city any rights under any such franchise or franchises heretofore granted.

(4) To place upon the Department of Highways any authority to regulate traffic, parking or the general use by the traveling public of the streets or sections thereof taken over by this Commonwealth for maintenance or improvement under the provisions of this Act . . .

And, Section 1758–204 of the State Highway Code, 36 P.S. § 1758–204 provides, in relevant part:

After the streets described in Section 202 of this act shall have been taken over by the Commonwealth, . . . The obligation of the Commonwealth in the reconstruction, resurfacing or maintenance as hereinbefore provided shall be limited to that part of the street or section thereof *between curb lines* as established at the time of passage of this act, but shall not include the portions of such streets which are or may be used or occupied by the structures or surface facilities of any public utility company . . .